IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLINA NANNETT MARTINEZ,<br><br>Defendant. | CR 21-25-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.   Synopsis

Defendant Marlina Nannett Martinez (Martinez) has been accused of violating the conditions of her supervised release. (Doc. 82).  Martinez admitted the violations. Martinez's supervised release should be revoked. Martinez should be sentenced to custody for 3 months, with 45 months of supervised release to follow.

## II.   Status

On January 11, 2022, Martinez plead guilty to the offense of Possession With Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 18 U.S.C. §2 as charged in Count 3 of the Indictment. (Doc. 65).  Martinez was sentenced to custody for 60 months, followed by 4 years of supervised release. (Doc. 73).  Martinez's current term of supervised release began on December 20, 2024.

**Petition**

On March 27, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Martinez's supervised release. (Doc. 82). The Petition alleged Martinez violated conditions of her supervised release by: (1) failing to report for outpatient mental health treatment as instructed by her probation officer on March 26, 2025; (2) failing to report for out-patient substance abuse treatment as instructed by her probation officer on March 25, 26 and 27, 2025; (3) failing to report to her probation officer as instructed on March 26, 2025; and (4) failing to report for random urinalysis testing on March 24 and 26, 2025.

**Initial Appearance**

Martinez appeared before the Court on May 20, 2025. Martinez was represented by counsel. Martinez stated that she had read the Petition and that she understood the allegations against her. Martinez waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

Martinez appeared before the Court on May 20, 2025. Martinez admitted that she had violated the conditions of supervised release as set forth in the Petition by: (1) failing to report for outpatient mental health treatment as instructed by her probation officer on March 26, 2025; (2) failing to report for out-patient substance

abuse treatment as instructed by her probation officer on March 25, 26 and 27, 2025; (3) failing to report to her probation officer as instructed on March 26, 2025; and (4) failing to report for random urinalysis testing on March 24 and 26, 2025. Martinez's violations are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Martinez appeared before the Court on May 20, 2025. Martinez's violations are Grade C. Her criminal history category is I. Martinez's underlying offense is a Class B felony. Martinez could be incarcerated for up to 36 months. Martinez could be ordered to remain on supervised release for up to 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Martinez's supervised release should be revoked. Martinez should be sentenced to custody for 3 months, with 45 months of supervised release to follow.

### IV.   Conclusion

The Court informed Martinez that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Martinez of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Martinez that Judge Morris would consider a timely objection before making a

final determination on whether to revoke her supervised release and what, if any, sanction to impose. Martinez waived her right to appeal and allocute before Judge Morris.

The Court **FINDS**:

> That MARLINA NANNETT MARTINEZ has violated the conditions of her supervised release by: (1) failing to report for outpatient mental health treatment as instructed by her probation officer on March 26, 2025; (2) failing to report for out-patient substance abuse treatment as instructed by her probation officer on March 25, 26 and 27, 2025; and (4) failing to report for random urinalysis testing on March 24 and 26, 2025.

> The Court **RECOMMENDS**:

> That the District Court revoke Martinez's supervised release and sentence Martinez to custody for 3 months, with 45 months supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of May 2025.

John Johnston
United States Magistrate Judge